Per Curiam.

It appears that the plaintiff below declared for one thing, and gave evidence of anothei *747 totally variant. *To this the defendant made an [*594] objection, which was overruled. In the next place, the declaration is for ten dollars, and the judgment for fifteen. Both errors are fatal, and there must be a reversal, with costs.(a)
Judgment reversed.

 The multiplicity of cases from the justices’ courts will excuse the inser> tian of the following determination, by which it was decided that they have no jurisdiction under the joint debtor act.
Jones and Crawford against Reid.
January Term, 1799.
Per Owriam. It is a clear and salutary principle that inferior jurisdictions, not proceeding according to the course of the common law, are confined strictly to the authority given them. They can take nothing by implication, but must show their power expressly given them in every instance.
The sound rule of construction, in respect to justices’ courts, is accordingly this: to be liberal in reviewing their proceedings as far as respects regularity and form, and strict in holding them to the exact limits of jurisdiction prescribed to them by the statute.
To apply these principles to the present case:
The act making joint debtors answerable to their creditors separately and giving a new mode of proceeding, is posterior to the act granting civil jurisdiction to justices of the peace, and makes no mention of them. It directs that process shall issue against the joint debtors in the manner then in use, and if either be taken and brought into court, lie shall answer. This act contemplates, in every instance, a compulsory process on which the defendant is taken and brought into court, and until that be done the court cannot proceed in the cause; whereas, the ten pound act, giving civil authority to justices, intends only a summons in the first instance against freeholders and inhabitants, having families, and if the summons was personally served, and the defendant does not appear, the justice cannot compel him, but is to proceed and try the cause without his either being taken or brought into court. The joint debtor act accordingly gives a power ana jurisdiction different from and unknown to the ten pound act. So in respect to executions the joint debtor act directs that the execution shall be against all the debtors; but shall not, however, issue against the body or sole property of the one not taken and brought into court. Whereas, by the ten _pound act, execution is directed to go against the entire goods and chattels of the person against whom it is granted, and for want of sufficient goods of such person, to take his body. Here are new powers and new modes of proceedings, applicable to the courts of common law, and contrary to the express forms and directions given to the justices’ courts, and in which no mention is made of them.
*748 We are therefore of opinion that, according to the settled rules of interpretation, justices of the peace have no jurisdiction in the case of joint debtors, unless both are duly served with process, and, therefore, that the judgment in this case must be reversed.*

By the 18th section of the revised act, (Rev. L. N. Y. 509,) in cases of joint debtors where one is not served, jurisdiction is given to justices of the peace, similar to that exercised by the supreme court under the lStl^section vf the statute for the amendment of the law.